Argued July 18, affirmed August 1, reconsideration denied August 31, 1977, petition for review pending

In the Matter of the Marriage of
JOHNSON, *Respondent,*
*and*
JOHNSON, *Appellant.*
(No. 34901, CA 7949)
566 P2d 1221

George T. Gant, Coos Bay, argued the cause for appellant. With him on the brief were McNutt, Gant & Ormsbee, Coos Bay.

Roger B. Todd, North Bend, argued the cause for respondent. With him on the brief was Flaxel, Todd & Nylander, North Bend.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

The husband appeals from an order of the court denying his motion to modify the spousal support provision of a dissolution of marriage decree. He contends that the justification for his position is that there has been a change of circumstances since the decree in that (1) he has quit his medical practice as an internist with a demonstrated earning capacity in excess of $50,000 per year to take a three-year residency in psychiatry at a salary of $18,000 per year, and (2) his wife, previously unemployed, is now working in a bank and has a monthly take-home pay of $384. We agree with the trial court's succinct analysis which follows:

"The motion to modify the decree will be denied. Frankly, gentlemen, the Court did consider what Dr. Johnson's situation was going to be at the time that it made the decree and Dr. Johnson testified today that he told me at the time we had the original trial that he was going to be taking this job and he would have an income of about $18,000, which is what he has, so the Court actually considered that at that time, so that is not a change of circumstances. That is a circumstance that the Court considered at the time that it made the decree.

"The change in circumstance here, if there is any, is only, as I think Mr. Todd correctly points out, the fact that Mrs. Johnson has obtained some employment, but that's one of the things that the award of support for her was to encourage her to do. The fact that it was reduced after one year—the first year it was to be $500 per month and then it was reduced—the idea of that, of course, is to encourage her to seek employment, which she has done. She has also shown, apparently, that she is not trained to earn a very great income, which is one of the things this Court considered at the time of making its original award of support.

"* * * * *"

Affirmed. Costs to respondent.